UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
**FEB 1 2 2010**
CLERK

| | | |
|---|---|---|
| MICHAEL TWO ELK, | ) | CIV. 09-5090-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## NATURE AND PROCEDURE OF THE CASE

On January 24, 2008, an indictment was filed against petitioner alleging that he had committed the crime of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a)(1) and 1153. Petitioner was arrested on January 28, 2008, and appeared the next day before the magistrate judge for arraignment. At that initial appearance, counsel was appointed to represent petitioner. Counsel made an immediate request pursuant to Fed. R. Evid. 404(b) for discovery of evidence against petitioner.

On March 27, 2008, a plea agreement between the parties was reached and filed. The plea agreement contained the following terms which are pertinent to the discussion herein.

    2.    PLEA AGREEMENT PROCEDURE: The United States and the defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which provides, among other things, that the government

will make certain recommendations, but that such recommendations are not binding on the Court and that the defendant may not withdraw his plea of guilty if the Court rejects such recommendations.

3. PLEA TO CHARGES: The defendant will waive indictment and plead guilty to the Superseding Information filed in this case, which charges a violation of 18 U.S.C. § 1153, § 2242(2)(A) and § 2246(2)(A). The charge carries a maximum sentence of life imprisonment, a $250,000 fine, or both, five years supervised release up to lifetime supervised release and if the defendant is found to have violated a condition of supervised release, he may be incarcerated for an additional term of up to five years for each violation. There is also a $100 assessment to the victims' assistance fund and the possibility of restitution to the victim.

4. RECOMMENDATIONS REGARDING SENTENCE: The United States agrees that unless there is significant evidence disclosed in the presentence investigation to the contrary, the United States will recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and in recognition thereof, in accordance with U.S.S.G. § 3E1.1(a), reduce the defendant's offense level by two levels. The United States further agrees that the defendant is entitled to an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b).

The United States and the defendant further agree that pursuant to U.S.S.G. § 2A3.1(a)(2) the base offense level is 30. Due to the victim's condition, the parties also agree that the two level enhancement for vulnerable victim pursuant to U.S.S.G. § 3A1.1 applies leaving a total offense level of 32 prior to acceptance of responsibility. Finally, the government agrees in requesting that the Court consider imposing a sentence at the lower end of the appropriate guideline range as determined by the Court on the basis of the presentence investigation report and any evidence submitted at the sentencing hearing.

>The defendant understands and agrees that these recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the United States Probation Office.

Plea Agreement, CR. 08-50012-RHB, Docket #15. An amended plea agreement was filed on April 14, 2008, which added a provision entitled "PLEA AGREEMENT SUPPLEMENT" in compliance with the Court's Standing Order. CR. 08-50012-RHB, Docket #23. However, the terms set forth previously were not altered.

An arraignment on the superseding information was held by the magistrate judge on April 14, 2008. At that hearing, petitioner was informed of the charge of the superseding information and was advised of his rights. Petitioner also executed a waiver of indictment in open court.

On April 16, 2008, petitioner came before this Court for the purpose of pleading guilty to the superseding information. At that hearing, the following exchanges took place:

Court: Mr. Two Elk, the Court has before it a superseding information charging you with a felony, for which you could be sentenced to life imprisonment, and a fine of $250,000, supervised release of five years, and a payment of $100 to the Special Victim's Assistance Fund.

Plea Hearing Transcript (Plea Transcript), CR. 08-50012-RHB, Docket #35, p. 2, lns 19-23.

Court: Are you currently or have you recently been under the care of a physician or psychiatrist or been hospitalized or treated for a narcotics addiction?

3

Defendant: No.

...

Court: How have you gotten along with Mr. Colbath, your lawyer?

Defendant: Pretty good.

Court: Any questions you have about how he has handled your case?

Defendant: No.

Court: Now, you have a constitutional right to be charged by an indictment, rather than by an [i]nformation. An indictment is returned by a grand jury. You can waive the right to an indictment and consent to be charged under this information. Instead of an indictment, the felony charge against you has been brought by the United States Attorney by filing of this information. Unless you waive indictment, you may not be charged with a felony unless a grand jury finds, by a return of an indictment, that there was probable cause to believe that a crime has been committed and that you committed it. If you do not waive indictment, the government may present the case to a grand jury and ask for an indictment.

A grand jury is composed of at least 16 and not more than 23 persons, and at least 12 grand jurors must find that there is probable cause to believe you committed the crime with which you were charged before you may be indicted. You must understand that a grand jury may not indict you for this offense. If you waive indictment by the grand jury, the case will proceed against you on the U.S. Attorney's information, just as though you have been indicted.

Now, have you discussed waiving your right to an indictment with Mr. Colbath?

Defendant: Yes, sir.

Court: Do you understand your right to indictment by a grand jury?

| | |
|---|---|
| Defendant: | Yes. |
| Court: | Have any threats or promises been made to induce you to waive indictment? |
| Defendant: | No. |
| Court: | Do you wish to waive indictment? |
| Defendant: | Yes. |
| ... | |
| Court: | Very well. Mr. Two Elk, is that your signature that appears on the waiver of [i]ndictment? |
| Defendant: | Yes. |
| Court: | Accordingly, do you wish to waive indictment? |
| Defendant: | Yes. |

Plea Transcript, p. 3, ln 22 - p. 6, ln 14.

Again, the Court questioned petitioner as to his past treatment.

| | |
|---|---|
| Court: | Have you been treated for any mental illness or any addiction to any narcotic drug of any kind? |
| Defendant: | Six years ago. |
| ... | |
| Court: | What type of treatment did you receive? |
| Defendant: | It was at the Black Hills Regional West Behavior Health. |
| Court: | Are you currently under the influence of any drug, medication or alcoholic beverage? |
| Defendant: | No. |

5

Court: Do you believe, counsel, that your client, notwithstanding his previous treatment, is currently competent to plead?

Mr. Colbath: Yes, I do, your Honor.

Court: Tell me, Mr. Two Elk, are you satisfied with the way that Mr. Colbath has handled your case?

Defendant: Yes.

Plea Transcript, p. 7, lns 2-21.

Court: As I indicated, the maximum penalty for this offense is life imprisonment and a fine of $250,000, or both. A payment of $100 assessment to the Victim's Assistance Fund is also required, and five years of supervised release. . . .

Plea Transcript, p. 9, lns 3-7.

On August 18, 2008, approximately four months after entering a plea of guilty to the superseding information, counsel for petitioner moved to withdraw the plea of guilty, or in the alternative, to withdraw as counsel. CR. 08-50012-RHB, Docket #33. The basis of this motion was that the presentence investigation report applied §4B1.5 of the United States Sentencing Guidelines resulting in a sentence far greater than anticipated by counsel during the plea negotiations. As a result, petitioner and counsel asserted that the plea was not made knowingly or voluntarily. In an Order dated October 7, 2008, the Court rejected this contention citing United States v. Ramierz-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006), which held that a misunderstanding of the application of the Guidelines was insufficient to allow the withdrawal of a guilty plea.

6

CR. 08-50012-RHB, Docket #40. The Court further found that there was no basis to remove counsel and appoint new representation.

On October 28, 2008, a sentencing hearing was held. The presentence investigation report reflected a base offense level of 30 under U.S.S.G. §2A3.1(a)(2). The base level was enhanced by 2 levels under §3A1.1(b) for a vulnerable victim and under §4B1.5(a) for Repeat and Dangerous Sex Offender against Minors based on a juvenile adjudication for sexual contact with a child under the age of 16. Furthermore, the presentence report did not apply a downward adjustment for acceptance of responsibility. As a result, petitioner faced a presumptive sentence of 324 to 405 months incarceration.

Counsel vigorously objected to the application of § 4B1.5 and to the denial of acceptance of responsibility. Additionally, in preparation for the sentencing hearing, counsel submitted a sentencing memorandum for the Court's consideration. CR. 08-50012-RHB, Docket #42. The sentencing memorandum reiterated petitioner's objection to the application of §4B1.5 and also set forth arguments urging the Court to grant petitioner an adjustment for his acceptance of responsibility.

Before imposing the sentence, the Court resolved petitioner's objections to the presentence report. First, the Court determined that §4B1.5(b) should be applied and not §4B1.5(a). The Court further determined that petitioner had not accepted

7

responsibility for his actions. As a result, the 3-level reduction for acceptance of responsibility was not applied. This resulted in a presumptive sentence of 235 to 293 months incarceration. After hearing further arguments from counsel and petitioner's statement, the Court sentenced petitioner to 235 months incarceration and a term of lifetime supervision.

Petitioner now comes before the Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

## DISCUSSION

The Eighth Circuit has held that "[a] § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petition to relief, or (2) the allegations cannot be accepted as true because they are contracted by the record, inherently incredible, or conclusions rather than statement of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)).

### A.   Ineffective Assistance of Counsel

For petitioner to succeed on a claim of ineffective assistance of counsel, he must prove that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To establish that counsel's performance was deficient,

8

petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Mansfield v. Dormire, 202 F.3d 1018, 1022 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Furthermore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000).

Petitioner must also prove prejudice by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

### 1. Failure to Investigate

Petitioner alleges that his counsel was ineffective because counsel failed to properly investigate prior to the negotiation of the plea agreement. Petitioner alleges that if such an investigation had been conducted, counsel would have been able to present a defense of insanity, mental illness or defect. Petitioner believes that an investigation would have produced "evidence that counsel could have presented to a jury that it was at leas[t] doubtful Two Elk could've formed mens rea constituting

9

conventional guilt and criminal responsibility is at least doubtful." Petitioner alleges that he suffered from "Fetal Alcohol Syndrome . . ., ADHD, Depression, Dysthymia, Conduct disorder, Learning disabilities, Lethargic, and Dysphoric . . . ."

In reviewing this claim, the Court finds that petitioner was not prejudiced by counsel's failure to investigate a potential insanity defense. The Eighth Circuit pattern jury instruction for insanity provides that "[a] defendant was insane if, at the time of the alleged criminal conduct, as a result of severe mental disease or defect, [he] . . . was unable to appreciate the nature and quality or the wrongfulness of [his] . . . acts." Eighth Circuit Manual of Model Jury Instructions Criminal (2007), 9.03. The mental diseases and/or defects which defendant alleges that he suffers from are, unfortunately, not uncommon among defendants who appear before the Court. The Court would not have given this instruction. As a result, the Court finds that petitioner was not prejudiced by any lack of investigation into his alleged mental defects.

### 2. Ineffective Assistance at the Plea Stage

Similarly, petitioner alleges that counsel failed to present his medical conditions to the Court at the change of plea hearing. The Court rejects petitioner's contention that this act resulted in ineffective assistance of counsel. Again, petitioner was not prejudiced by counsel's performance. Furthermore, petitioner had the opportunity to inform the Court as to these medical conditions when he was asked if he had recently

10

been treated by a physician or psychiatrist and when he was asked by the Court if he had received any treatment for any mental illness or any addictions. See Plea Transcript, p. 3, lns 22-24 and p. 7, lns 2-13.

Petitioner also alleges that he received ineffective assistance of counsel when his counsel allowed him to waive his right to indictment. As noted previously, the Court thoroughly reviewed petitioner's right to be indicted by a grand jury prior to the waiver of indictment. In fact, petitioner was advised of his rights by both the magistrate judge and this Court. His waiver of indictment was knowing and voluntary. As a result, the Court finds that petitioner's trial counsel's performance was not "so deficient as to fall below an objective standard of reasonable competence." Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995).

### 3. Ineffective Assistance at Sentencing Stage

Petitioner alleges that counsel made several errors during the sentencing stage of his prosecution which resulted in ineffective assistance of counsel. First, petitioner alleges that his counsel provided ineffective assistance of counsel by failing to challenge the victim's diagnosis of Fetal Alcohol Syndrome. The Court finds that this challenged action falls within the realm of reasonable trial strategy. To have contested the victim's status as a vulnerable victim would have jeopardized the potential reduction for acceptance of responsibility. Moreover, it would have been a violation of the plea

11

agreement and could have resulted in the further prosecution of petitioner on charges which carried a heftier penalty. Accordingly, the Court finds that counsel's decision was an objectively reasonable trial strategy and petitioner's claim of ineffective assistance on this basis must fail.

Petitioner also alleges that his counsel allowed "double counting/double jeopardy where element of conviction and enhancement were both for vulnerable victim." This contention is not supported by the record. Petitioner was charged with one count of Aggravated Sexual Abuse. He plead to a superseding information charging him with one count of Sexual Abuse. Nothing about the indictment or superseding information violated petitioner's rights against double jeopardy. Likewise, petitioner's claim of double counting lacks merit. The Court applied U.S.S.G. § 2A3.1 as the general guideline. Then based upon the facts and circumstances of the underlying offense, a 2-level enhancement was applied under §3A1.1(b) for a vulnerable victim. The application notes to §3A1.1(b) provides "[d]o not apply subsection (b) if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age." U.S.S.G. § 3A1.1, Application Note 2. The offense guideline in the case, *sub judice*, did not incorporate the circumstance of a vulnerable victim. As a result,

double counting did not occur. Moreover, this enhancement was specifically contemplated by the plea agreement to which petitioner entered. He purposefully exposed himself to this sentence. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). Accordingly, the Court finds that petitioner's objection fails.

Petitioner also alleges that counsel was ineffective by failing to inform the Court that the plea agreement was pursuant to Fed. R. Crim. P. 11(c)(1)(B). Petitioner reasons that the failure to inform the Court that the plea was pursuant to Fed. R. Crim. P. 11(c)(1)(B) combined with the Court's statement that he could sentence petitioner to a maximum term of life imprisonment, nullified the plea agreement's provision that the government would recommend a reduction for acceptance of responsibility.

Federal Rule of Criminal Procedure 11(c)(1)(B) provides in pertinent part that, "[i]f the defendant pleads guilty or nolo contendre to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court) . . . ." Here, the parties agreed to the application of U.S.S.G. § 2A3.1(a)(2) which provided for a base offense level of 30. The parties further agreed to the application of U.S.S.G. § 3A1.1 for a 2-level

enhancement for a vulnerable victim. The government then agreed to recommend a reduction of the total offense level for petitioner's acceptance of responsibility, conditioned upon petitioner's cooperation and veracity with the United States Probation Office.

In the presentence investigation report, the probation officer stated as follows:

> During the presentence interview, the defendant stated that he did not remember the night of the instant offense; however, he did not deny the allegations. When asked how he felt about the instant offense, he reported he was 'pissed' because the victim had the ability to say 'yes' or 'no.' He minimized the victim's FAS and FAE diagnoses by indicating she functioned at a higher level than people alleged. He also made no mention of the fact he is the victim's uncle, he lacked remorse, and he appeared to project blame upon the victim for not stopping the sexual contact.
>
> Even if the defendant does not remember the night of the instant offense, he has the ability to express remorse and regret at the very thought of the instant offense occurring; however, the opposite expression was displayed. Therefore, no adjustment for acceptance of responsibility has been given.

CR. 08-50012-RHB, Presentence Investigation Report, ¶¶ 16-17.

In this case, counsel for petitioner argued vigorously for an adjustment for acceptance of responsibility. See Sentencing Transcript, p. 18, ln 25 - p.22, ln 14. In accordance with the plea agreement, the attorney for the government did not present an argument on the issue of acceptance of responsibility and recommended the low end of the guideline range found applicable by the Court. See Sentencing Transcript, p. 23, lns 5-9. The Court finds that the plea agreement was honored by the government.

14

Furthermore, regardless of any agreement between the parties, the Court was not bound by the plea agreement. As a result, the Court finds that counsel's actions did not result in a deficient performance.

Finally, petitioner alleges that he received ineffective assistance of counsel because his counsel failed to persuade the Court that neither U.S.S.G. § 4B1.5(a) or (b) were applicable. The Court has reviewed the record and finds that counsel thoroughly argued the issue of the application of U.S.S.G. § 4B1.5. That the Court rejected counsel's argument is not an indication that counsel was ineffective. Furthermore, petitioner was informed of the following at the plea hearing.

> Court: Do you understand, Mr. Two Elk, that the Court will not be able to determine the advisory guideline range for your case until after he presentence report has been completed, and you and the government have had an opportunity to challenge the reported facts, and the application of the guidelines recommended by the probation officer? That the sentence ultimately imposed may be different from any estimate that your attorney may have given you; do you understand that?
>
> Defendant: Yes.

Plea Transcript, p. 10, lns 7-16. Petitioner understood the maximum sentence he was facing and that the Court was not bound by his attorney's calculation of the applicable Guideline range. As a result, the Court finds that counsel's performance was not deficient and that petitioner was not prejudiced as he was aware of the consequences of his plea of guilty.

15

## B. Knowing and Voluntary Plea

Petitioner further alleges that his plea was not knowing or voluntary because "he felt that the 'victim' was normal and had the ability to say yes or no and fully understood life just the same as he did." Petitioner further states that he "felt pressured to 'do the right thing' by pleading guilty without understanding the nature of his alleged conduct and whether it would or would not fit into the charged offense."

The Eighth Circuit has held that "[f]or a plea to be voluntary, a defendant must have knowledge of the law in relation to the facts." Bailey v. Weber, 295 F.3d 852, 855 (8th Cir. 2002) (citations omitted). Petitioner was thoroughly apprised of his rights and the consequences of pleading guilty to the crime charged in the superseding information. Furthermore, petitioner was informed of what the government would have to prove if he chose to take the matter to trial, including that the victim was incapable of consenting to the act. See Plea Transcript, p. 11, lns 11-22. Additionally, petitioner admitted to the statement of factual basis. See Plea Transcript, p. 13, lns 3-7. Thus, petitioner had knowledge of how the law applied to his case. As a result, the Court finds that the plea was a knowing and voluntary one.

16

## C. Constitutionality of Term of Supervised Release

Petitioner also contests the constitutionality of the term and conditions of supervised release which were imposed. Federal Rule of Criminal Procedure 11(b)(1) provides in pertinent part that:

> [T]he court must inform the defendant of, and determine that the defendant understands, the following:
>
> . . .
>
> (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release . . . .

At the sentencing hearing, the Court imposed a lifetime term of supervised release. However, the record reflects that petitioner was informed at the change of plea hearing that he faced a maximum term of life imprisonment and 5 years of supervised release. The Court finds that petitioner's claim must fail.

## D. Other Claims

Petitioner also alleges that the Court erred in not allowing him his right of allocution "until after the Court unequvocally [sic] had already decided the sentence." This contention is belied by the record. The Court resolved the objections regarding the presentence investigation report and allowed both counsel to comment on a recommended sentence. Petitioner was then allowed to address the Court. See Sentencing Transcript, p. 28, ln 15 - p. 29, ln 1. The Court then announced the sentence.

17

See Sentencing Transcript, p. 29, lns 2-6. As a result, the Court finds petitioner's claim to be without merit.

Petitioner also claims that the Court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Again, this contention is belied by the record. The Court specifically noted the factors set forth in 18 U.S.C. § 3553(a). See Sentencing Transcript, p. 27, ln 13 - p. 28, ln 14. The Court did not make a specific finding as to each factor but such is not required. See United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005). As a result, the Court finds that this claim must fail. Accordingly, it is hereby

ORDERED that petitioner's application for writ of habeas corpus (Docket #1) is denied.

Dated this 12th day of February, 2010.

BY THE COURT:

*/s/ Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE